Stanley R. Apps, Esq. (SBN 309425)
Law Offices of Robert S. Gitmeid, P.C.
4424 Bellingham Avenue
Studio City, CA 91604
Tel: (310) 709-3966
Email: stanley.a@gitmeidlaw.com

*Attorney for Plaintiff Richard Heiman*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Richard Heiman,<br><br>       Plaintiff,<br><br>    vs.<br><br>Simm Associates, Inc.; and Stilt, Inc.,<br><br>       Defendants. | Case No.<br><br>**COMPLAINT FOR BREACH OF CONTRACT, VIOLATIONS OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALINGS, VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CALIFORNIA CIVIL CODE § 1788, et seq., AND VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, et seq.**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW the Plaintiff, Richard Heiman, by and through his attorneys of record, and hereby files this complaint and alleges as follows:

**I. INTRODUCTION**

1.1     This is an action against Simm Associates, Inc. ("Simm") and Stilt, Inc.("Stilt"), for violations of the Rosenthal Fair Debt Collection Practices Act (hereafter "Rosenthal Act"), codified as amended at CA CIVIL § 1788, et seq., and for violations of the Fair

1

Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, et seq., and for breach of contract. The Rosenthal Act prohibits debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts. The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## II. PARTIES

2.1    Plaintiff Richard Heiman (hereinafter "Plaintiff") is a resident of Grass Valley, California.

2.2    Defendant Stilt is a for-profit business entity with its headquarters located at 77 Geary St., Suite 550, San Francisco, CA 94108.

2.3    Defendant Simm is collection agency engaged in the practice of debt collection with its principal office located at 800 Pencader Dr., Newark, DE 19702.

2.4    Defendant Simm is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

## III. JURISDICTION AND VENUE

3.1    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, because the rights and obligations of the parties in this action arise out of 15 U.S.C. § 1692, et seq., which provides at 15 U.S.C. § 1692k(d) that an action to enforce any liability created under 15 U.S.C. § 1692 may brought in any appropriate United States District Court, without regard to the amount in controversy.

3.2    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the city of Grass Valley, in Nevada County, California within this judicial district.

**IV. FACTS**

4.1     The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes and constitutes a "consumer credit transaction" and a "consumer debt" for purposes of CA CIVIL § 1788.2(e) and CA CIVIL § 1788.2(f).

4.2     On April 21, 2022, Mr. Heiman, via his debt settlement representative, entered into an agreement with American Recovery Service Incorporated ("ARSI") to settle and close his Stilt account ending in BE31. Pursuant to the terms of the settlement, Mr. Heiman agreed to pay a total $5,320.00 in twenty-four (24) installments. Payments were to begin on May 6, 2022. The settlement agreement is attached hereto as **Exhibit A**.

4.3     On May 5, 2022, Plaintiff, via his debt settlement representative, called ARSI and provided them with Plaintiff's banking and routing information. Plaintiff's debt settlement representative also provided preauthorization to take all payments due in accordance with the settlement agreement.

4.4     Six payments cleared and posted without issue. Proof of plaintiff's payments are attached hereto as **Exhibit B**.

4.5     On or about December 23, 2022, Mr. Heiman's debt settlement representative noticed that ARSI did not process November or December 2022's payment. ARSI was immediately contacted and stated that the account was no longer active in their office as it has been recalled to Stilt.

4.6     Mr. Heiman's debt settlement representative attempted to contact Stilt via phone and email five (5) times, but did not reach anyone.

4.7     On or about February 22, 2023, Mr. Heiman's debt settlement representative learned that the account was now placed with Simm.

4.8     On that same day, Mr. Heiman's debt settlement representative contacted Simm and was advised to send in a power of attorney to discuss the account.

4.9     On March 1, 2023, Simm advised that the balance on the account was $12,118.93. Plaintiff's debt settlement representative requested that the previous agreement be honored, but Simm declined and demanded renegotiation.

4.10    On May 15, 2023, Plaintiff's representative spoke with Simm. Simm requested that the previous settlement agreement and proof of payments be sent in via email for review.

4.11    On May 16, 2023, Simm advised that they cannot honor the agreement and demanded renegotiation.

4.12    At all times pertinent hereto, each Defendant acted by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of Defendants.

4.13    At all times pertinent hereto, the conduct of each Defendant, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for California and federal law and the rights of the Plaintiff herein.

## COUNT I
(Violations of the Rosenthal Act)

5.1.    Plaintiff reassert and incorporate herein by reference all facts and allegations set forth above.

5.2     It is the purpose of the Rosenthal Fair Debt Collection Practices Act (hereinafter "Rosenthal Act") to prohibit debt collectors (including creditors collecting on their own account) from engaging in unfair or deceptive acts or practices in the collection of

consumer debts and to require debt collectors to act fairly in entering into and honoring

such debts, as specified at CA CIVIL § 1788.1(1)(2).

5.3    The term "debt collector" in the Rosenthal Act is defined as any person who, in

the ordinary course of business, regularly, on the behalf of themselves or others,

engages in debt collection.  CA CIVIL § 1788.2(c).

5.4    Defendant Stilt and Defendant Simm, and each of them, constitute a "debt

collector" as defined by CA CIVIL § 1788.2(c).

5.5    The term "debtor" means a natural person from whom a debt collector seeks to

collect a consumer debt which is due and owing or alleged to be due and owing from

such person.  CA CIVIL § 1788.2(h).

5.6    The Plaintiff is a "debtor" as defined by CA CIVIL § 1788.2(h).

5.7    The term "creditor" means a person who extends consumer credit to a debtor.

CA CIVIL § 1788.2(i).

5.8    Defendant Stilt is a "creditor" under CA CIVIL § 1788.2(i).

5.9    Defendant Stilt's actions constitute a violation of the Rosenthal Act where they

unfairly demanded renegotiation on an account with a valid settlement agreement in

place.

5.10    Defendant Stilt's actions constitute a violation of the Rosenthal Act where they

unfairly refused to honor a valid settlement agreement.

5.11    Defendant Stilt's actions constitute a violation of the Rosenthal Act where they

unfairly misrepresented the status of the debt as in default when it was not.

5.12    Defendant Stilt's actions constitute a violation of the Rosenthal Act where they

unfairly misrepresented the amount of the debt as $12, 118.93 instead of $4,920.00.

5.13    Defendant Simm's actions constitute a violation of the Rosenthal Act where they unfairly demanded renegotiation on an account with a valid settlement agreement in place.

5.14    Defendant Simm's actions constitute a violation of the Rosenthal Act where they unfairly refused to honor a valid settlement agreement.

5.15    Defendant Simm's actions constitute a violation of the Rosenthal Act where they unfairly misrepresented the status of the debt as in default when it was not.

5.16    Defendant Simm's actions constitute a violation of the Rosenthal Act where they unfairly misrepresented the amount of the debt as $12, 118.93 instead of $4,920.00.

5.17    Defendant Stilt and Defendant Simm, and each of them, knew or should have known that their actions violated the Rosenthal Act.  Additionally, Defendant Stilt and Defendant Simm could have taken the steps necessary to bring their actions within compliance with the Rosenthal Act but neglected to do so and failed to adequately review their actions to ensure compliance with said laws.

5.17    As a result of the above violations, Defendant Stilt and Defendant Simm are each liable to Plaintiff for actual damages, statutory damages, attorney's fees, and costs.

## COUNT II
(Violations of the Fair Debt Collection Practices Act)

6.1    Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

6.2    FDCPA § 1692f(1) prohibits the  use of unfair or unconscionable practices to collect a debt, including collection of any amount not authorized by the contract or law. FDCPA 15 U.S.C. § 1692e(2)(a) prohibits the false representation of the character, amount

or legal status of any debt. FDCPA 15 U.S.C. § 1692e(10) prohibits any false, misleading, or deceptive representation or means in connection with the collection of a debt.

6.3     Defendant Simm violated these provisions of the FDCPA by unfairly refusing to honor a valid settlement agreement.

6.4     Defendant Simm violated these provisions of the FDCPA by unfairly demanding renegotiation on a settled account.

6.5     Defendant Simm violated these provisions of the FDCPA by unfairly misrepresenting the status of the debt as in default when it was not.

6.6     Defendant Simm violated these provisions of the FDCPA by unfairly misrepresenting the amount of the debt as $12,118.93 instead of $4,920.00.

6.7     As a result of the above violations of the FDCPA, Defendant Simm is liable to Plaintiff for actual damages, statutory damages, attorney's fees and costs.

## COUNT III
(Breach of Contract)

7.1     Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

7.2     On April 21, 2022, Mr. Heiman, via his debt settlement representative, entered into an agreement with ARSI to settle and close his Stilt account ending in BE31.

7.3     Pursuant to the terms of the settlement, Mr. Heiman agreed to pay a total $5,320.00 in twenty-four (24) installments.

7.4      Six payments cleared and posted without issue.

7.5      On or about February 22, 2023, Mr. Heiman's debt settlement representative learned that the account was now placed with Simm.

7.6    On March 1, 2023 and May 16, 2023, Simm advised that they could not honor the agreement and demanded renegotiation.

7.7    Since Defendant Simm is servicing the debt, they are bound by the contract as an agent of Defendant Stilt.

7.7    Defendant Simm and Defendant Stilt's actions constitute a breach of contract where they refused to honor a valid settlement agreement.

7.8    Defendant Simm and Defendant Stilt's actions constitute a breach of contract by refusing to accept the remaining payments in accordance with the settlement agreement.

7.9    As a result of Defendant Simm and Defendant Stilt's actions, Plaintiff has suffered actual and monetary damages.

### COUNT IV
(Violation of the Implied Covenant of Good Faith and Fair Dealings)

8.1    Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

8.2    Defendant Stilt owed Plaintiff an implied covenant of good faith and fair dealing with respect to the settlement agreement entered into with Plaintiff.

8.3    By way of the foregoing conduct, Defendant Stilt breached the implied covenant of good faith and fair dealing that it owed to Plaintiff with respect to the settlement agreement.

8.4    Defendant Stilt acted unreasonably and in bad faith and deprived Plaintiff of the benefit of the bargain of the settlement agreement by refusing to perform its obligations under the settlement.

8.5    Specifically, Defendant Stilt entered into a valid agreement, stopped accepting payment, transferred the account, voided the settlement, and demanded renegotiation.

8.6     Defendant Stilt owed a duty to Plaintiff to take all steps to honor the original agreement and not to engage in conduct that might result in the settlement not being honored.

8.7     As a result of Defendant's breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered actual and monetary damages.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands that judgment be entered against Defendants as follows:

(a) That judgment be entered against Defendant Simm and Defendant Stilt for actual and monetary damages accrued by Plaintiff as a result of Defendants' breach of contract;

(b) That judgment be entered against Defendant Stilt for actual and monetary damages accrued by Plaintiff as a result of Defendant's breach of the implied covenant of good faith and fair dealing;

(c) That judgment be entered against Defendant Stilt and Defendant Simm for actual damages pursuant to California Civil Code § 1788.30(a);

(d) That judgment be entered against Defendant Stilt and Defendant Simm for statutory damages pursuant to California Civil Code § 1788.30(b);

(e) That the Court award costs and reasonable attorney's fees and costs pursuant to California Civil Code § 1788.30(c), against both Defendants;

(f)  That judgment be entered against Defendant Simm for actual and statutory damages

pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(g)  That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. §

1692k(a)(3), against Defendant Simm; and

(h)  That the Court grant such other and further relief as may be just and proper.


Dated: June 6, 2023


Stanley R. Apps, Esq.


*Attorney for Plaintiff Richard Heiman*